THOMAS NEWLAN, Appellant, *v.* JAMES HARRINGTON, Appellee.

### APPEAL FROM KANE.

A guarantor is not liable beyond the express terms of his undertaking, and a material alteration of such terms will avoid it.

THIS suit was brought upon a note, of which the following is a copy:

*Aurora, August 20th, 1858.*

One year after date, for value received, I promise to pay Thomas Newlan, or order, the sum of one hundred and thirty-eight dollars, at ten per cent. per annum.

J. H. ORCUTT.

The first count alleges, that defendant was possessed of said note, and exchanged it for a gray mare with defendant, and guaranteed the payment of said note upon the back thereof.

Second count was, that defendant indorsed the note to plaintiff, and that when the note became due, the institution of a suit against the maker would have been unavailing.

Third count, common count for money advanced, money paid, laid out, and expended; money had and received, for goods, wares, and merchandise, for an amount stated, and for interest.

Plea, general issue, verified by affidavit.

Trial by court; verdict and judgment for $148.90.

On the trial, the note was read in evidence, on the back of which was this guarantee:

I guarantee the within note.
*Aurora, May 3rd,* 1859.                    THOMAS NEWLAN.

The following stipulations were read:

It is hereby admitted that the assignment of note counted on in the above case, was given in exchange for a gray mare. It is admitted that John Orcutt, the maker, is insolvent, and was at the time of the commencement of this suit. Also, an assignment given by John H. Orcutt to Cornelius Firman, dated August 8th, 1859.

The plaintiff called a witness, who testified, that he was the attorney of plaintiff; that the guarantee on the back of the note read originally, " I guarantee the collection of the within note ;" that he tore off the words, " the collection of the," in the presence of James Harrington, plaintiff, so as to have it read, " I guarantee the within note."

GLOVER, COOK & CAMPBELL, for Appellant.

DICKEY & WALLACE, for Appellee.

BREESE, J. It is a familiar principle, that a guarantor is not liable beyond the express terms of his undertaking, and a change in those terms, by which a conditional undertaking shall be made absolute, is such a material alteration as will avoid it.

Here, Newlan guaranteed the collection of the note. This required the party should make some effort to collect the note, for, although a party may be insolvent as to his general liabilities, it may be in his power to pay a particular note.

By cutting off the words, " the collection of," the guarantee becomes an absolute one. This is a material alteration, and avoids the guarantee.

*Gillet et al.* v. *Sweat,* 1 Gilm. 489 ; *Chappel* v. *Spencer et al.,* 23 Barbour, 584 ; *Gardiner* v. *Harback,* 21 Ill. R. 129 ; 32 Eng. L. & Eq. 162 ; *Ryan* v. *The Trustees of Shawneetown,* 14 Ill. R. 24 ; 20 Penn. 12 ; *Burchfield* v. *Moore,* 25 Eng. L. & E. 123.

It is not good policy to permit a party interested in such papers, to alter them.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*